Q’Neall J.
delivered the opinion of the Court.
The most important inquiry in this case, is, whether the plaintiff’s right of action is barred by the statute of limitations : If Iris right of action could be made to accrue from the time when his note fell due, then this suit was within time ; but if from the sale of the negro, or the time of making the last note, then the statute had run out before action brought.
The declaration contains three counts, two on the warranty of soundness implied by the law, and one for money had and received. The only one of these, on which the plaintiff could in any event evade the statute of limitations, is that for money had and received. If on that count the proof had authorized a verdict, then I should have been disposed, so far as this question is concerned, not to have disturbed it. The action for money had and received, lies to recover back money obtained by fraud, or duress, or paid by mistake on a consideration which has failed, or a contract which has been rescinded, either by the act of the parties, or by operation of law, and generally whenever the defendant has in his hands a sum of money, which ex aequo et bono, belongs to the plaintiff.
The plaintiff’s case in this respect depends upon the failure of consideration, and in that point of view he must fail. If the money had been paid before the death . of the negro, it would have been the usual case of money paid on a consideration which failed, and the count would have been supported by the proof. But in the case before us, the defendant after the death of the negro agreed to reduce the price, and give indulgence, and for this consideration the plaintiff gave his note, stipulating, however, with the defendant, that if he (the plaintiff,) could discover that the defendant, before the sale, knew that the negro was unsound, then that he should not pay his note. This contract was the law agreed upon by the parties. All their previous rights were merged in it. It is upon this contract, the plaintiff must succeed or fail. In other words, he has chosen to rest his case upon tlie scienter. The deceit is his gravamen, and not a failure of consideration. The plaintiff’s right of action therefore, accrued to him so soon as this contract was made ; and as more than four years intervened between it and the commencement of this suit, the statute had run, and the plaintiff’s right of *13 action was barred. It is also contended that the verdict is against evidence. The presiding Judge reports that there was no evidence of the unsoundness of the negro before, or at the sale of her, by the defendant to the plaintiff.
It is an uniform rule of this Court, never to disturb a verdict, where there is evidence for and against it, and it is a rule equally uniform, to set aside a verdict, when the presiding Judge reports that there was no evidence to authorize it. The motion for a new trial is therefore granted.
Harper J. concurred.
Johnson J. absent from indisposition.